# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KENDRICK GEORGE,

    Plaintiff,

v.                                                        CASE NO: 8:09-cv-167-T-26TGW

UNITED STATES OF AMERICA,

    Defendant.

                                             /

## O R D E R

Before the Court is Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. 1), the Government's Response (Dkt. 6), and Plaintiff's Reply (Dkt. 8). After careful consideration of the motion, the court file, the record of the underlying criminal proceedings,[1] and the applicable law, the Court concludes that Plaintiff's sentence imposed in the related criminal case should be vacated and Plaintiff should be resentenced in accord with recent Supreme Court precedent. Because the issues presented involve issues of law, rather than fact, the Court does not need to convene an evidentiary hearing to resolve the merits of the motion.

---

[1] See case number 8:05-cr-32-T-26TGW.

**BACKGROUND**

Plaintiff challenges his enhanced sentence based on his status as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). The Government concedes that one of the three predicate crimes used to enhance Plaintiff's sentence under the statute - failure to return to a work release program, which amounts to the offense of escape under Florida statutory law - no longer constitutes a "violent felony" based on recent Supreme Court decisions. Instead, the Government contends that Plaintiff's claim is time-barred, as well as barred under the procedural default doctrine.

Plaintiff pleaded guilty without the benefit of a written plea agreement to possession of a firearm by a convicted felon on May 6, 2005.[2] At his sentencing hearing held on August 12, 2005, the Court determined that Plaintiff's criminal history category was VI, his total offense level was 30, and his sentencing guideline range was 168 to 210 months of imprisonment.[3] However, because Plaintiff was classified as an armed career criminal, the Court was required to impose a mandatory minimum term of 180 months, or 15 years, of imprisonment, which it did, followed by 36 months, or 3 years, of supervised release.[4]

Although at sentencing Plaintiff contended that his prior conviction for escape did not qualify as a "violent felony" under § 924(e)(2)(B), he did not pursue this issue on

---

[2] See id., dockets 58 and 64.

[3] See id., docket 50.

[4] See id., dockets 51 and 61.

direct appeal. Instead, as noted by the Eleventh Circuit, Plaintiff "argu[ed] for the first time that the district court's sentencing of him as an armed career criminal, without his admitting, or a jury finding, that he had three prior violent felony convictions, is unconstitutional." George v. United States, 193 Fed.Appx. 869, 870 (11th Cir. 2006) (unpublished). In particular, Plaintiff contended on appeal that "determining the factual nature of a prior conviction, as required in this case, is reserved for a jury under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)." Id. The Eleventh Circuit determined that he had failed to preserve a Booker error for appellate review and thus limited its review under the plain error doctrine. Id. Finding no such error, the Eleventh Circuit affirmed Plaintiff's sentence. Id. at 872.

Plaintiff then filed his motion to vacate in this case on February 2, 2009, contending that his prior conviction of escape no longer constituted a "violent felony" under § 924(e)(2) because of newly-created rights embodied in Begay v. United States, 553 U.S. ___, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), decided on April 16, 2008, as well as Chambers v. United States, ___, U.S. ___, 129 S.Ct. 687, 172 L.Ed.2d 484, decided on January 13, 2009.

## PRIOR CONVICTION OF ESCAPE

Before analyzing whether Plaintiff is precluded from seeking relief under the auspices of § 2255 because of untimeliness or procedural default, the Court will assess

whether the prior conviction for escape continues to be classified as a violent felony under § 924(e)(2)(B)(i) or (ii) and, if not, whether the declassification should be applied retroactively. The first question involves a determination of whether a newly recognized right has been announced by the Supreme Court, and the second question is, if so, then should it be applied retroactively. While the Supreme Court is the only authority capable of creating a new right, even a district court may determine retroactive applicability. See Dodd v. United States, 365 F.3d 1273, 1280-81 (11th Cir. 2004).[5]

Here, as in Dodd, the Government has conceded that the Supreme Court created a new right in Chambers.[6] The newly-created right applicable to Plaintiff in this case changes the manner in which a prior conviction, in particular escape, is deemed to be a "violent felony" under the relevant statute. Section 924(e)(2)(B) defines a "violent felony" as any crime for which the punishment exceeds one year in prison and either (i) possesses the element of "use, attempted use, or threatened use of physical force against the person of another;" or (ii) is a "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

---

[5] In addition to holding that district courts may determine retroactivity, the Eleventh Circuit in Dodd also set forth its reasoning in detail regarding when the statute of limitations begins to run under 28 U.S.C. § 2255(f)(3).

[6] See docket 6 at page 19 (agreeing "that Chambers applies to this case and [Plaintiff's] offense of escape while on work release is not a violent felony for purposes of the ACCA.").

Chambers, like the Plaintiff here, was convicted of being a felon in possession of a firearm and was sentenced as an armed career criminal to an enhanced sentence. In Chambers, the contested prior "violent felony" was the Illinois crime of knowingly failing to report to a penal institution. The Supreme Court employed a categorical approach and determined that the behavior of failing to report for confinement did not constitute a "violent felony" under either § 924(e)(2)(B)(i) or (ii) because there is no logical reason to believe that a person who fails to report would be engaged in "purposeful, 'violent,' and 'aggressive' conduct" that would fall within the ambit of the statute. Chambers, 129 S.Ct. at 692 (citing Begay v. United States, 553 U.S. ___, 128 S.Ct. 1581, 1586, 170 L.Ed.2d 490 (2008)). As noted previously, the Supreme Court decided Chambers on January 13, 2009.

In Begay, cited in Chambers, Begay was convicted, like Plaintiff here, of being a felon in possession of a firearm and was sentenced as an armed career criminal under the relevant statute. Begay had been previously convicted of twelve crimes of driving under the influence (DUI) under a New Mexico statute that made the fourth DUI conviction punishable by imprisonment for more than one year. The multiple DUIs were treated by the district court as a "violent felony." The Supreme Court, however, determined that although a DUI could present a serious risk of physical injury to another person, a DUI is too dissimilar from the enumerated examples under § 924(e)(2)(B)(ii). The type of crime intended to be included as a "violent felony" must be similar "in kind as well as in degree of risk posed" to the crimes of burglary, arson and the other crimes listed. Begay,128

S.Ct. at 1585. Hence, a DUI does not constitute a "violent felony" for purposes of the statute.[7] Again, as previously noted, the Supreme Court decided Begay on April 16, 2008.

Based on Begay and Chambers, there is no doubt that Plaintiff's prior conviction of failing to return to his work release, or escape, does not constitute a "violent felony" for purposes of classifying him as an armed career criminal. Under Florida law, an escape is defined broadly in one statute as "any prisoner confined in . . . jail, . . . or being transported to or from a place of confinement who escapes or attempts to escape from such confinement." § 944.40, Fla. Stat. In this case, Plaintiff simply failed to return to jail from his employment under a work release program. While participating in a work release program, an inmate shall continue "as an inmate of the county facility in which he or she shall be confined except during the period of his or her authorized release." § 951.24(2)(a), Fla. Stat. The mere failure to return to jail made Plaintiff guilty of escape under Florida law. As in Chambers, the conviction for escape does not make him guilty of a "violent felony" under either prong of § 924(e)(2)(B)(i) or (ii).

That the Supreme Court has not held that such a new right should be applied retroactively on collateral review does not prevent this Court from doing so. The decision to apply retroactively a newly created right does not lie solely in the hands of the

---

[7] After Begay was decided, but before Chambers, the Eleventh Circuit held that carrying a concealed firearm did not involve a crime of violence within the meaning of the career offender sentencing guidelines. United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).

Supreme Court. Dodd, 365 F.3d at 1278 (citing Garcia v. United States, 278 F.2d 1210, 1213 n. 4 (11th Cir. 2003)). On the contrary, both appellate and district courts may serve as the venue in which such retroactive applications are decided.[8]

Generally, new constitutional rules of criminal procedure created by the Supreme Court may not be applied to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075, 103 L.Ed.2d 334 (1989). Teague, however, permits an exception: application of a new substantive, as opposed to a new procedural, rule of criminal law created by the Supreme Court may be applied retroactively on collateral review. Ross, 289 F.3d at 681 (observing that "Teague's bar, however, does not apply when the Supreme Court decides a new substantive rule of criminal law as opposed to a new procedural rule[]" and stating that "a new rule is substantive when it interprets 'the meaning of a criminal statute enacted by Congress' so that the conduct for which a defendant was convicted may no longer be illegal.") (quoting Bousley v. United States, 523 U.S. 614, 620, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998)). Under the reasoning of Ross, therefore, if the new rule announced by the Supreme Court makes conduct for which a defendant was convicted no longer illegal, then the meaning of that statute has been substantively changed. 289 F.3d at 681. The Court finds, as did the district court in

---

[8] An example of the Eleventh Circuit determining retroactivity is Ross v. United States, 289 F.3d 677 (11th Cir. 2002), cert. denied, 537 U.S. 1113, 123 S.Ct. 944, 154 L.Ed.2d 878 (2003), in which the Court held that Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), should be applied retroactively on collateral review. An example of a district court determining retroactive application is United States v. Glover, 2008 WL 2951085 (N.D. Okla. Jul. 28, 2008).

United States v. Glover, 2008 WL 2951085 (N.D. Okla. Jul. 28, 2008), that Begay, and *a fortiori* Chambers, announced a new substantive rule such that the conduct of escape no longer constitutes a prior conviction capable of being used to enhance a sentence under § 924(e)(2). Such conduct is now categorically outside the reach of the federal statute. Consequently, because the Supreme Court removed the crime of failing to return to confinement from consideration as a "violent felony" warranting enhancement under the statute, the creation of this substantive criminal rule change should apply retroactively to Plaintiff.

## TIME-BAR AND PROCEDURAL DEFAULT

Having determined that the Supreme Court created a new substantive right in that escape is no longer a "violent felony" for purposes of § 924(e)(2)(B)(i) or (ii), and that such a new right should be applied retroactively, the Court now turns its analytical focus on whether the motion is time-barred under the provisions of § 2255 or subject to the doctrine of procedural default.

The statute of limitations begins to run for purposes of filing a motion under § 2255(f)(3) when the Supreme Court creates a new right, which in this case is, at the earliest, April 16, 2008, the date Begay was decided. While Begay altered the manner in which a "violent felony" was to be determined to a categorical approach, the Supreme Court in Chambers made it clear on January 9, 2009, that an escape is not categorically a "violent felony" under the statute. Thus, the Plaintiff's motion filed on February 2, 2009,

was timely[9] as to both decisions, less than one month from the date Chambers was decided, and within one year of Begay. See Dodd, 365 F.3d at 1281 (concluding that limitations period provided for in § 2255(f)(3) begins to run on the date of decision of United States Supreme Court which recognized newly created right).

As to procedural default, the Government correctly points out that although Plaintiff argued at sentencing that his prior conviction for escape was not a "violent felony" for purposes of classifying him as an armed career criminal, he failed to argue this issue on direct appeal. Furthermore, as the Government correctly contends, Plaintiff has failed to show cause and prejudice excusing this default. Thus, the Court agrees with the Government's assessment that Plaintiff has procedurally defaulted his challenge to his prior conviction of escape in this collateral proceeding under § 2255.

Plaintiff is not without a remedy, however. Contrary to the Government's argument, the Court agrees with Plaintiff's position that the "actual innocence" doctrine applies within the context of challenging a predicate offense utilized to classify a defendant as a career offender. See United States v. Mikalajunas, 186 F.3d 490, 495 (4th

---

[9] The judgment of the Eleventh Circuit was entered on August 16, 2006. See docket 66 in case number 8:05-cr-32-T-26TGW. The sentence became final on November 14, 2006, which is the end of the ninety-day period for filing certiorari. See Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (calculating finality for purposes of § 2255 as close of ninety-day period within which certiorari could have been filed); Close v. United States, 336 F.3d 1283, 1284-84 (11th Cir. 2003) (calculating ninety days for filing certiorari from entry of judgment on the appeal). Clearly the one year statute of limitations for filing a motion under § 2255(f)(1) had expired when he filed this motion, absent the creation of a new right by the Supreme Court which activated the limitations period of § 2255(f)(3).

Cir. 1999) (concluding, in light of the reasoning of United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994), that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision.") (and other cases cited); see also Haley v. Cockrell, 306 F.3d 257, 265-66 (5th Cir. 2002) (adopting reasoning of Maybeck and Mikalajunas), vacated and remanded on other grounds, Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004).[10]

In conclusion, (1) because the Government concedes, and the Court has independently determined, that Chambers applies retroactively to this case on collateral review such that Plaintiff's prior conviction for escape no longer qualifies as a "violent felony" for purposes of characterizing him as an armed career criminal pursuant to § 924(e)(2)(B)(i) or (ii), and (2) because Plaintiff's motion is timely and not subject to procedural default because of the "actual innocence" doctrine, and (3) because Plaintiff, absent the armed career offender enhancement, as conceded by the Government, would have necessarily received a lower sentence, thus entitling him to be resentenced, Plaintiff

---

[10] Although the Supreme Court's grant of certiorari in this case was designed to resolve the conflict among several circuit courts of appeals with regard to the application of the "actual innocence" doctrine within the context of a noncapital sentence, the Court ultimately determined that there was no need to resolve that issue "[b]ecause the District Court failed to consider alternative grounds for relief urged by respondent, grounds that might obviate any need to reach the actual innocence question[.]" Dretke v. Haley, 541 U.S. 386, 388-89, 124 S.Ct. 1847, 1849 (2004). Thus, the Court vacated the judgment of the Fifth Circuit Court of Appeals and remanded for further proceedings. 541 U.S. at 396, 124 S.Ct. at 1854.

has clearly established his entitlement to relief under § 2255. Hence, the motion is due to be granted, Plaintiff's sentence in the underlying criminal case is due to be vacated, and Plaintiff is due to be resentenced consistent with the holding of Chambers.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **GRANTED**.

(2) The Court will delay entry of a formal order vacating the Judgment in a Criminal Case entered August 12, 2005, at docket 51 in case number 8:05-cr-32-T-26TGW and setting aside Plaintiff's sentence in order to afford the Government an opportunity to appeal.

(3) The Government shall file a status report with the Court on or before July 13, 2009, advising of whether it intends to appeal this order.[11]

(4) The clerk is directed to enter judgment for Plaintiff, to terminate all deadlines and pending motions, and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 14, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**: Counsel of Record and Plaintiff, pro se

---

[11] The Court notes that the Government has sixty days within which to appeal. See Fed. R. App. P. 4(a)(1)(B).